UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
    In re:                                                            Case No. 14-72143-reg

    James H. Forney, Jr.                             Chapter 7

                                 Debtor.
--------------------------------------------------------x

    Linda Forney,
                               Plaintiff,             Adv. Proc. no. 14-8206-reg


             -against-

    James H. Forney, Jr.
                               Defendant.
--------------------------------------------------------x

## MEMORANDUM DECISION

This matter is before the Court pursuant to an adversary proceeding filed by Linda Forney (the "Plaintiff") seeking to have certain pre-petition debts owed by James H. Forney, Jr. (the "Debtor" or the "Defendant") declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(5) or (a)(15). Although the Debtor concedes that the debts in question, which arise from a judgment of divorce, are non-dischargeable, the Debtor disputes the amounts owed to the Plaintiff. For the reasons set forth below, the Court finds that the debts are non-dischargeable under either 11 U.S.C. § 523(a)(5) or (a)(15), but declines to determine the amount of the obligations in question. The state court is better suited to determine what amounts have been satisfied, and what remains due and owing.

**Procedural History**

On May 9, 2014, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. On July 22, 2014, the Plaintiff filed the Complaint. On August 20, 2014, the Debtor filed an Answer with one affirmative defense. On March 24, 2015, a trial on the adversary proceeding was held. All of the exhibits of the Plaintiff and the Debtor were admitted into the record. Thereafter, the matter was marked submitted.

## Facts

Pursuant to a Decision and Order after Trial dated December 5, 2013 ("Divorce Decision"), a judgment of divorce was granted to the Plaintiff and the Defendant, and the State Court granted monetary awards of child support, maintenance and childcare in favor of the Plaintiff and against the Debtor. The State Court also made the following determinations:

1) The Defendant was obligated to pay a $5,000.00 award of counsel fees to Plaintiff's counsel, in addition to the prior award of $5,000.00 previously granted to Plaintiff's counsel ("Legal Obligations"); and

2) As part of the equitable distribution award, the Defendant was to assume the obligations incurred under a Visa card in the amount of $19,000.00 held jointly by the parties ("Credit Card Debt").

On March 11, 2014, the Judgment of Divorce was entered [Plaintiff's Ex. 2]. The Judgment of Divorce directs the Debtor to pay the Legal Obligations and directs the parties to comply with the equitable distribution award contained in the Divorce Decision. There is no dispute that all of the monetary obligations of the Debtor set forth in the Judgment of Divorce, including the Legal Obligations and the Credit Card Debt, are non-dischargeable under the Bankruptcy Code.

On May 9, 2014, the Debtor's bankruptcy petition was filed, and the Debtor listed the Plaintiff as a creditor with a child support claim in the amount of $7,000.00. The Debtor also listed the Plaintiff's matrimonial counsel as an unsecured creditor in the amount of $2,400.00. Pursuant to the Complaint, the Plaintiff seeks to have all of the child support, maintenance and debts assigned to the Debtor in the Judgment of Divorce, including the Legal Obligations and the Credit Card Debt, deemed non-dischargeable. In the answer to the complaint and at trial, the Debtor did not dispute that the debts at issue are non-dischargeable under Bankruptcy Code § 523(a)(5) or (a)(15). However, the Debtor asserted that the amount remaining due on the Legal Obligations is less than the amount claimed in the complaint, and the Debtor was not liable for the Credit Card Debt unless and until the Plaintiff actually made payments towards this obligation. At trial, the Debtor and the Plaintiff appeared *pro se*. No witnesses were called, but the Debtor admitted that the debts at issue were non-dischargeable according to the Bankruptcy Code. The Debtor claims that the amount owed under the Legal Obligation is less than $10,000.00, and that because he filed for bankruptcy, he should not be responsible for these obligations. The Plaintiff asserted that she was seeking a ruling by the Court that all amounts that remain due and owing by the Debtor under the Judgment of Divorce are non-dischargeable under section 523(a)(5) or (a)(15) of the Bankruptcy Code, and she is free to collect these debts from the Debtor outside of the Bankruptcy Court.

## Discussion

The Plaintiff and the Defendant agree that the Debtor's obligations set forth in the Judgment of Divorce are non-dischargeable pursuant to Bankruptcy Code § 523(a)(5) or (a)(15). These sections provide as follows:

(a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—

(5) for a domestic support obligation;

\*    \*    \*

(15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(5), (a)(15).

Under these subsections of 523, "all debts owed to a spouse, former spouse, or child of a debtor are non-dischargeable if incurred in the course of a divorce proceeding, notwithstanding the debtor's ability to pay the debt or the relative benefits and detriments to the parties." *In re Tarone*, 434 B.R. 41, 48 (Bankr. E.D.N.Y. 2010).   As Chief Judge Craig noted in *Tarone*, in Chapter 7 cases, whether a debt is a domestic support obligation or some other type of obligation arising out of a marital relationship is of no consequence, as all of these debts are non-dischargeable. *Id*., citing 4 Collier on Bankruptcy, ¶ 523.21 at 523-118 (Alan N. Resnick & Henry J. Summer eds., 15th ed. Rev.).

Both the Legal Obligation and the Credit Card Debt squarely fit within subsection 15 of section 523(a), and are non-dischargeable as a matter of law.  See *Golio v. Golio* (*In re Golio*), 393 B.R. 56,    (Bankr. E.D.N.Y. 2011) (property settlement obligation incurred pursuant to a divorce is a non-dischargeable obligation).  Any amounts awarded to the Plaintiff for child support, maintenance and childcare in a judgment of divorce are also non-dischargeable under section 523(a)(5).

The Debtor has expressed his displeasure with a statute that renders certain obligations non-dischargeable regardless of  his ability to repay them.  As courts in this Circuit have

recognized, "[t]he current version of the Bankruptcy Code, as modified by the Bankruptcy Abuse Prevention and Consumer protection Act of 2005 ("BAPCPA"), significantly limits the ability to discharge a debt related to a matrimonial action" and as a result the types of debts that are non-dischargeable has expanded to include even non-support debts pursuant to §523(a)(15). *In re Schenkein,* Bankr. No. 09-14658 (AJG), Adv. No. 09-01947 (AJG), \*4 (Bankr. S.D. N.Y. Aug. 9, 2010). Congress has clearly reflected an intent to broaden the category of non-dischargeable debts related to matrimonial obligations, regardless of a debtor's ability to repay them.

The Debtor also disputes the dollar amounts owed for various categories of obligations set forth in the Judgment of Divorce. While the Court may determine the amount of a claim in a no-asset case if the debt is deemed non-dischargeable, the Court is not compelled to do so. *Scheidelman v. Henderson (In re Henderson)*, 423 B.R. 598, 607 (Bankr. N.D.N.Y. 2010) (*citing Stevens v. Antonious (In re Antonious)*, 358 B.R. 172, 176 (Bankr. E.D. Pa. 2006)). Based on the facts of this case, and the familiarity of the State Court with the record between the parties, the Court declines to fix the dollar amount that remains due and owing under the Judgment of Divorce.

## Conclusion

For the reasons set forth in the Memorandum Decision, the Court rules in favor of the Plaintiff and finds that the debts owing to the Plaintiff under the Judgment of Divorce, including the Legal Obligations and the Credit Card Debt, are non-dischargeable.  The Plaintiff may proceed in State Court to fix the dollar amount of the debt owed by the Debtor under the Judgment of Divorce. The Court shall enter a Judgment consistent with this Memorandum Decision forthwith.



Dated: Central Islip, New York  
      April 14, 2015

Robert E. Grossman  
United States Bankruptcy Judge